B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Gary Schroeder and Karen Schroeder | **DEFENDANTS**<br>Jeffery A. Niemetta and Nnina Nancy Niemetta |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Timothy J. Harrington<br>38600 Van Dyke Ave, Suite 300<br>Sterling heights, MI 48312<br>(586) 883-6585 | **ATTORNEYS** (If Known)<br>William R. Orlow<br>24100 Woodward Avenue<br>Pleasant Ridge, MI 48069 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiffs seek an order of non-dischargeability pursuant to 11 USC 523(a).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 771,984.25 plus interest |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Jeffrey Niemetta and Nina nancy Niemetta | BANKRUPTCY CASE NO.<br>14-21048-dob | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Michigan | DIVISION OFFICE<br>Bay City, Michigan | NAME OF JUDGE<br>Hon. Daniel S. Opperman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>7/28/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Timothy J. Harrington (P43439) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

United States Bankruptcy Court
for the Eastern District of Michigan

| | | |
|---|---|---|
| In Re:     Jeffrey Alan Niemetta )<br>Nine Nancy Niemetta )<br>Debtors )<br> )<br> )<br> )<br>_____) | | Chapter 7<br><br>Case No. 14-20148-dob<br><br>Hon. Daniel S. Opperman |
| Gary Schroeder and Karen Schroeder, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>Jeffrey A. Niemetta, individually, and )<br>Nina Nancy Niemetta, individually. )<br> )<br>Defendants. )<br>_____) | | Adv. No. _____ |

Timothy J. Harrington (P43439)
Moore Penna & Associates PLLC
Counsel for Plaintiffs
38600 Van Dyke Ave., Suite 300
Sterling Heights, MI 48312
(586) 883-6585
tharrington@moorepennalaw.com
_____/

**ADVERSARY COMPLAINT FOR DETERMINATION OF
DISCHARGEABILITY AND OBJECTING TO THE DEBTOR'S DISCHARGE
PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE**

NOW COME Gary Schroeder and Karen Schroeder, by and through their attorneys, Moore Penna & Associates PLLC, and, for their complaint against the above-named Defendants, Jeffrey Alan Niemetta and Nina Nancy Niemetta, would show the Court as follows:

1. Jeffrey Alan Niemetta and Nina Nancy Niemetta, ("Debtors") filed a petition under Chapter 7 of the Bankruptcy Code in this Court On May 1, 2014, Case Number 14 –

*Page 1 of 7*

14-21048-dob    Doc 32    Filed 07/28/14    Entered 07/28/14 23:48:07    Page 3 of 11

21048 – dob, and since that date have been subject to the jurisdiction of this Court. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§151, 157(a), (b)(2)(I) and 1334(b).

2. On May 28, 2014, the Debtors duly noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

3. As of the date of this Complaint, the Debtors have not been granted a discharge.

4. This Complaint is timely filed as it was filed on or before the objection to discharge expiration date of July 28, 2014.

5. This is an action to determine the discharge of a debt under 11 U.S.C. §§523(a)(2)(A), (a)(4) and (a)(6) and to object to a finding of discharge under 11 U.S.C. §§ 727(a)(3) and (a)(4). This is brought as an adversary proceeding in accordance with Fed. Rule Bankr. P. 4007 and 7001, *et seq*.

6. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(I) and (b)(2)(J).

**Parties**

7. The Plaintiffs are individuals who reside in the City of Yale, Michigan 48097.

8. The Plaintiffs are creditors of Debtor by way of a loan agreement and default judgment.

9. Defendant, Jeffrey A. Niemetta, ("Defendant") is a debtor in the above-captioned Chapter 7 proceeding and resides at 4163 Cottontail, Lincoln, Michigan 48742.

**General Allegations**

10. To assist Defendant in the development of a condominium project in Chesterfield Township Michigan, (the "Project") on July 31, 2000, the Plaintiff Gary Scrhoeder loaned Defendant's company, Lottie M. Schmidt, Inc. ("LMS"), the sum of $250,000.00 (the "Indebtedness").

11. At all times relevant hereto, Defendant was the principal of LMS and was in control of LMS and its books, records and accounts and made all representations on behalf of LMS.

12. Defendant signed a promissory note in favor of the Plaintiff Gary Schroeder on July 31, 2000 (the "Note"), evidencing the Indebtedness. **Exhibit 1.**

13. Pursuant to the Note, the Indebtedness was to be repaid, plus interest at 13% *per annum*.

14. Defendant executed a mortgage covering 62.91 acres for the benefit of Plaintiff Gary Schroeder securing the Indebtedness on July 31, 2000 (the "Mortgage"). **Exhibit 2**.

15. At the time of the execution of the Note and Mortgage, as an artifice to persuade Plaintiffs not to record the Mortgage, Defendant told Gary Schroeder that he would be burdened with having to execute a deed every time one of the many lots the secured under the Mortgage was sold.

16. At the time of the execution of the Note and Mortgage, Defendant expressly stated to Gary Schroeder that he would inform any future creditor of LMS of the Indebtedness and the Mortgage.

17. Accordingly, Plaintiff Gary Schroeder justifiably and reasonably relied on Defendant's representations and was induced not to record the Mortgage at a time when recording would have given Mr. Schroeder complete security for the Indebtedness.

18. In 2001, Gary Schroeder learned that one David Hall/one of his companies was contemplating making a substantial loan to LMS reative to the Project in the summer of 2001. Mr. Scroeder specifically asked Defendant if Hall was aware of the Mortgage. Niemetta assured Schroeder that Hall was so aware.

19. On July 20, 2001, David Hall/one of his companies recorded a mortgage in the amount of $3,000,000.00 against the Project.

20. LMS failed to make timely payment pursuant to the Note so Defendant executed extensions thereof.

21. On May 8, 2007, Defendant signed another note, this time in favor of Plaintiff Karen Schroeder as well as Gary Schroeder (the "Second Note") which restated the outstanding balance of principal and interest on the Indebtedness to be $520,715.01. **Exhibit 3**.

22. Thereafter, Defendant signed a third note (the "Third Note") restating the balance of principal and interest on the Indebtedness to be $635,000.00. **Exhibit 4**.

23. Subsequently, Plaintiffs discovered that Defendant had executed a deed in lieu conveying the property in which Plaintiffs were secure under the Mortage to David M Hall, LLC, via a Deed In Lieu Of Foreclosure on February 19, 2009 (the "Deed In Lieu"), which was recorded with the Macomb County Registry of Deeds on August 7, 2009.

24. Plaintiff filed a complaint against Defendant, and others, on or about May 17, 2011, in Macomb County Circuit Court alleging, *inter alia*, fraud as set forth above and received a default judgment against Defendant in the amount of $771,984.25 on July 25, 2011 (the "Judgment"). **Exhibit 5**.

25. When Defendant executed the executed the Deed in Lieu, he knowingly did so with an actual intent to hinder, delay or defraud Plaintiff in violation of MCL 566.34.

26. Defendant took funds lent by Plaintiffs for the Project and converted them to his own use.

## Count I

### §523(a)(2)(A)

27. Plaintiffs repeat, reallege and incorporate herein by reference the allegations set forth above as though fully set forth at length herein.

28. All or part of the debt owed to the Plaintiffs, as evidenced by the Judgment against Defendant, is non-dischargeable as it is a debt for money, property, services or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation or actual fraud within the meaning of Bankruptcy Code section §523(a)(2)(A).

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment determining that the debt reflected in the Judgment entered in favor of Plaintiffs against Defendant is non-dischargeable under Bankruptcy Code section §523(a)(2)(A).

## Count II

### §523(a)(4)

29. Plaintiffs repeat, reallege and incorporate herein by reference the allegations set forth above as though fully set forth at length herein.

30. All or part of the debt owed to the Plaintiffs, as evidenced by the Judgment against Defendant, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny within the meaning of Bankruptcy Code section §523(a)(4).

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment determining that the debt reflected in the Judgment entered in favor of plaintiffs against defendant is non-dischargeable under Bankruptcy Code section §523(a)(2)(4).

## Count III

### §523(a)(6)

31. Plaintiffs repeat, reallege and incorporate herein by reference the allegations set forth above as though fully set forth at length herein.

32. All or part of the debt owed to the Plaintiffs, as evidenced by the Judgment against Defendant, is non-dischargeable as it is a debt for willful and malicious injury within the meaning of Bankruptcy Code section §523(a)(6).

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment determining that the debt reflected in the Judgment entered in favor of plaintiffs against defendant is non-dischargeable under Bankruptcy Code section §523(a)(6).

## Count IV

### §727(a)(4)(A)

33. Plaintiffs repeat, reallege and incorporate herein by reference the allegations set forth above as though fully set forth at length herein.

34. Defendant operated LMS to shield himself from personal liability while at the same time, using business funds for his own purposes.

35. In the operation of LMS, Defendant destroyed or failed to keep or preserve recorded information, including books, records, documents and papers, from which Defendant's financial condition of business transactions might reasonably be ascertained.

36. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code 727(a)(3).

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment denying debtor's discharge under Bankruptcy Code section §§727(a)(3) and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully request a trial by jury.

Respectfully Submitted,

MOORE PENNA & ASSOCIATES PLLC

/s/Timothy J. Harrington
Timothy J. Harrington (P43439)
Attorneys for Defendant
38600 Van Dyke Ave., Suite 300
Sterling Heights, MI 48312
(586) 883-6585
tharrington@moorepennalaw.com

# Exhibit 1

## MORTGAGE NOTE

$ 250,000.00    NEW BALTIMORE, MICHIGAN   7-31-00 ,2000

For value received, the undersigned promises to pay to the order of Gary Schroeder, joint tenants with full rights of survivorship the principal sum of two-Hundred Fifty Thousand ($250,000.00) Dollars together with interest from date hereof upon the unpaid principal at a rate of 13 % percent per annum until fully paid. Said principal and interest shall be paid by the undersigned in lawful money of the United States of America as follows:

Monthly interest only payments of $ 2,708.33 each, commencing thirty (30) days from the date of this Note. Further, the entire principal sum and interest shall be fully paid by 1-31-01 ~~2000~~ anything to the contrary notwithstanding.

Should default be made in the payment of any installments of interest and/or principal due hereunder, then such default shall mature the entire indebtedness evidenced hereby, without notice, at the option of the holder thereof. Every person at any time liable for the payment of the debt evidenced hereby, waives presentment for payment, demand and notice of non-payment of this note, and consents that the holder may extend the time of payment of any part or the whole of the debt at any time at the request of any other person liable.

This note is secured by a first mortgage of even date herewith, made by the undersigned to the above payee, which mortgage covers real estate in Chesterfield, Macomb County, Michigan. This note shall be paid without deduction or set-off of any kind.

LOTTIE M. SCHMIDT, INC.

BY: _Jeffrey Niemetta_

TITLE: Secretary & Treasurer

DEPOSITION EXHIBIT 2  8/16/11

Exhibit A